MICHAEL MULLANE v. ST. PAUL CITY RAILWAY COMPANY.[1]

JOHN McDONALD v. ST. PAUL CITY RAILWAY COMPANY.

May 1, 1908.

Nos. 15,553, 15,552—(54, 56).[2]

**Contributory Negligence.**

The fact that the plaintiff had been, immediately before being run into by a street car, driving his team faster than a walk, in violation of a city ordinance, is not conclusive evidence of negligence, which will prevent the recovery of damages in an action against the street railway company, unless it also appears that such negligence contributed towards the causing of the accident.

**Instruction not Prejudicial.**

An instruction stated to be applicable only in the event that the jury found that the plaintiff was guilty of contributory negligence, although erroneous in substance, is not prejudicial; the jury having found, in answer to a special interrogatory, that the plaintiff was not guilty of contributory negligence.

[1] Reported in 116 N. W. 354.     [2] April, 1908, term calendar.

Separate actions in the district court for Ramsey county, one by McDonald to recover $5,000 damages for personal injuries and the other by Mullane to recover $200 for injury to his horse. The cases were tried together before Hallam, J., and a jury, which rendered a verdict in favor of McDonald for $1,200 and in favor of Mullane for $200. From orders denying its separate motions for judgment notwithstanding the verdict or for a new trial, defendant appealed: Affirmed.

The respondent McDonald brought his action against the appellant to recover damages alleged to have been occasioned by the negligence of the appellant in the handling of one of its street cars. The respondent Mullane also brought an action against the street railway company to recover damages which he claims to have suffered through the killing of the horse which was being driven by the respondent at the time of the accident. The two cases were tried together, and verdicts returned in favor of McDonald for $1,200 and Mullane for $200. The defendant moved for judgment notwithstanding the verdicts or for a new trial, and appeals from an order denying the alternative motion. The cases were submitted in this court as one case, and the decision herein disposes of both cases. The facts and issues very clearly appear in the following memorandum filed by the learned trial judge:

"Plaintiff was injured while crossing the Robert street bridge, in St. Paul, by collision with a street car of the defendant. Plaintiff was driving a team from the southerly to the northerly side of the bridge. There was a car in front of him on the right-hand track going in the same direction, but going so slowly that he wished to pass it. The bridge was so narrow that he could not safely pass to the right of the car, so he passed to the left, traveling partially on the track designed for south-bound cars. The bridge is highest in the center, and from the center span, which for a space is about level, it slopes towards either end, so that an approaching car cannot be seen for the full length of the bridge. There was some testimony that plaintiff proceeded to about the front vestibule of the north-bound car, when he saw a south-bound car approaching; that he then pulled in his team and attempted to pass to the rear of the north-bound car, but before he could do so the south-bound car struck his team, causing the injuries complained of.

As one witness described it: 'He turned out to pass this car, and, when he did, why he went along before we could see the car coming over the top of the bridge, and when he did it was too late. The car was coming the other way so fast that he could not get time to turn back and out of the way from the car.' I believe the case was properly submitted to the jury. Plaintiff was upon a public thoroughfare, and he was lawfully and properly where he was at the time of the collision, unless he was guilty of contributory negligence. The jury found specifically that he was not guilty of contributory negligence. In my judgment there is evidence amply sufficient to sustain such a finding. It cannot be said, as a matter of law, that it is contributory negligence to attempt to pass a slowly moving street car, even though it is necessary, in order to do so, to travel upon tracks upon which cars approach going in the opposite direction. Whether such an act is negligence depends upon the circumstances of the case. Under the evidence in this case this question was clearly one for the jury."

N. M. Thygeson and W. H. Bennett, for appellant.

C. D. & R. D. O'Brien and E. W. Williams, for respondent.

ELLIOTT, J. (after stating the facts as above).

The jury found, in answer to a special interrogatory, that McDonald was not guilty of contributory negligence, and this finding is under the evidence final, unless the violation by McDonald of an ordinance of the city of St. Paul forbidding the driving of a team faster than a walk over any bridge in the city of St. Paul was negligence per se and contributed to the accident. This ordinance was passed in 1884, and it is at least doubtful whether it is reasonable, when applied to a bridge such as that upon which this accident occurred. However that may be, and assuming that McDonald was violating the ordinance when he drove around the car in the attempt to pass it, we have only the fact established that he was negligent in that particular respect. This alone would not prevent recovery, as it must further appear that the particular act of negligence contributed to the causing of the accident. It appears that his team had stopped and was standing still when it was struck by the approaching car. It was, under the circumstances, a fair question for the jury, assuming that he had been guilty of a negligent act, whether it contributed to causing his injury; and that

question the jury answered adversely to the claim of the appellant. No instructions were asked or given with reference to the effect of the violation of the ordinance. The questions of negligence and contributory negligence were submitted to the jury with the ordinary instructions, and the evidence sustains the jury's conclusion.

As the plaintiff was not negligent, the question of the wilful negligence of the defendant passed out of the case. The instruction with reference to wilful negligence was based on the assumption that the jury should first find that the plaintiff was guilty of contributory negligence; and, it having been determined that he was free from fault, the instruction was no longer applicable, and any error contained therein was innocuous.

The appeal, then, rests upon the simple question whether there was any evidence reasonably tending to show that the motorman of the approaching car failed to exercise reasonable care in keeping a lookout, and, if so, whether such failure was the cause of the accident. The defendant offered no evidence upon this issue, and, the verdict having been approved by the trial court, the plaintiff is entitled to have his evidence considered in the most favorable light.

The undisputed evidence made an issue for the jury, and the orders of the trial court are therefore affirmed.